**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**REGINALD DESHAWN BRADLEY, #N7192**                                              **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.  2:12-cv-134-KS-MTP**

**DR. RONALD WOODALL, ET AL.**                                                 **DEFENDANTS**

**ORDER**

BEFORE the Court is Plaintiff's Motion [ECF No. 20] for copies and Motion [ECF No. 21] to Reopen this closed case.  Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, on August 7, 2012, when he was incarcerated at the Wilkinson County Correctional Facility. Thereafter, Plaintiff was ordered to file a written response, on or before September 10, 2012, to provide specific information regarding his claims.  On September 10, 2012, Plaintiff filed a change of address to the South Mississippi Correctional Institution but failed to comply with the Order for more information.

Since Plaintiff failed to comply with the Order for more information, an Order to Show Cause was entered.  Plaintiff failed to comply with the Order to Show Cause.  Therefore, a Final Order to Show Cause was entered, providing Plaintiff with one final opportunity to comply with the Court's Orders prior to the dismissal of this case.  Although Plaintiff had been warned no less than five times that a failure to advise the Court of a change of address or a failure to comply with a Court Order would result in the dismissal of this case, the envelopes containing the Order to Show Cause and the Final Order to Show Cause were returned by the postal service with the notation "return to sender - not deliverable as addressed (or refused) - unable to forward."  After the final deadline had passed and Plaintiff had failed to communicate with the Court, a Memorandum Opinion and a Final Judgment were entered on December 5, 2012, dismissing this

case without prejudice, for Plaintiff's failure to prosecute and failure to comply with multiple court orders.

The next time Plaintiff communicated with the Court was on May 23, 2013, when he filed a Motion for Change of Venue with a return address of the Central Mississippi Correctional Facility. An Order was entered denying Plaintiff's Motion for Change of Venue. On June 10, 2013, Plaintiff filed a Motion [ECF No. 20] for copies and a Motion [ECF No. 21] to Reopen this closed case.

Although a "motion for reconsideration" or to reopen a case is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, No.08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990), *abrogated on other grounds*). Since Plaintiff's Motion was not filed within twenty-eight days of the Final Judgment as required under Rule 59(e), the Court will consider Plaintiff's Motion under Rule 60(b).

A party seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief from the operation of the judgment. After liberal review of Plaintiff's Motion, the Court finds that, at best, Plaintiff is seeking relief under clause (1) for mistake, inadvertence, surprise

or excusable neglect or under clause (6) for any other reason justifying relief. Specifically addressing these two sections of Rule 60(b), the Fifth Circuit explained that

> [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in 'unique circumstances.' . . . The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interest.

*Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citations omitted). Furthermore, "[a] motion filed pursuant to Rule 60(b)(6) requires a showing of 'extraordinary circumstances.'" *Munoz v. Fortner*, No. 08-40148, 2009 WL 196189, at *1 (5th Cir. Jan. 28, 2009)(citing *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

The Plaintiff did not communicate with the Court from September 10, 2012, until May 23, 2013. Plaintiff states that he was released from incarceration to parole in September of 2012, and complains that the prison did not forward his mail to him. Plaintiff had a duty to contact this Court to inquire about the status of his case and to keep this Court informed of his current address. Plaintiff was informed of this duty and warned of the consequences of his failure to prosecute this case on numerous occasions. Plaintiff demonstrated he was aware of this duty in September of 2012, when he filed a change of address from the Wilkinson County Correctional Facility to the South Mississippi Correctional Institution.

Plaintiff failed to contact this Court for over eight months. The Court does not find Plaintiff's lack of diligence and effort to shift responsibility to the prison as adequate justification for Plaintiff's failure to prosecute this case. As such, the Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b). *See e.g., Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Reconsideration of a judgment after its entry is an

extraordinary remedy that should be used sparingly."). The Court notes that this case was dismissed without prejudice, meaning the dismissal does not bar Plaintiff from filing a new and separate § 1983 case regarding the complained of incidents that occurred in 2011.[1]

Furthermore, Plaintiff was advised in the Order denying his Motion for Change of Venue of the procedure and cost to obtain copies of filed documents from the Clerk of Court. Plaintiff's Motion for free copies will be denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion [ECF No. 20] for copies and Motion to Reopen [ECF No. 21] this case are denied.

THIS, the 11th day of June, 2013.

                                                      s/ *Keith Starrett*
                                            UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is advised that the current statute of limitations for § 1983 cases filed in the State of Mississippi is three years. *See Walker v. Epps,* 550 F.3d 407, 415 (5th Cir. 2008).